IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In Re:
THE VAUGHAN COMPANY, REALTORS
     Debtor(s).

JUDITH A. WAGNER,

     Plaintiff,                             USDC Case No. 12-cv-0328 WJ/SMV

v.                                           Bankruptcy Case No. 10-10759-j11 (Ch. 11)

EVELYN KING,                          Adversary Case No. 12-01034-j

     Defendant.

**INITIAL SCHEDULING ORDER**

This case is assigned to me for scheduling, case management, discovery, and all non-dispositive motions. Both the Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit. Civility and professionalism will be required of counsel. Counsel shall read and comply with "A Lawyer's Creed of Professionalism of the State Bar of New Mexico."

The parties, appearing through counsel or pro se, will "meet and confer" no later than **Friday, September 14, 2012**, to formulate a Provisional Discovery Plan. Fed R. Civ. P. 26(f). The time allowed for discovery is generally 120 to 150 days and will run from the Rule 16 initial scheduling conference. Initial disclosures under Fed R. Civ. P. 26(a)(1) shall be made within thirty days of the meet-and-confer session.

The parties will cooperate in preparing a Joint Status Report and Provision Discovery Plan ("JSR"), following the sample JSR available at the Court's web site. The blanks for

suggested/proposed dates are to be filled in by the parties. Actual case management deadlines will be determined by the Court after consideration of the parties' requests. The Plaintiff shall state the amount in controversy in the "Plaintiff's Contentions" section of the JSR. Defendant is responsible for filing the JSR by **November 2, 2012.**

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issues from the JSR.

A Rule 16 initial scheduling conference will be held by telephone on **November 8, 2012, at 3:00 p.m.** Parties shall call Judge Vidmar's "Meet Me" line at **505-348-2357** to be connected to the proceedings. The Meet Me line accepts no more than five incoming telephone lines at a time; it is counsel's responsibility to coordinate with each other to ensure that no more than five incoming telephone lines are utilized. Counsel shall be prepared to discuss the following: discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert* hearing is needed, *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–92 (1993), initial disclosures, and the timing of expert disclosures and reports under Fed R. Civ. P. 26(a)(2). We will also discuss settlement prospects, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c). Client attendance is not required. Because the Court is setting numerous related cases for hearing on Monday, November 8, 2012, the Rule 16 Scheduling Conference will not be rescheduled absent exceptional circumstances.

Pre-trial practice in this case shall be in accordance with the foregoing.

**IT IS THEREFORE ORDERED** that the deadlines shall be as follows:

| | |
|---|---|
| **Meet and Confer by:** | **September 14, 2012** |
| **Initial Disclosures due within thirty days of the meet-and-confer session, but in no event later than:** | **October 15, 2012** |
| **JSR filed by Defendant no later than:** | **November 2, 2012** |
| **Telephonic Rule 16 Initial Scheduling Conference:** | **November 8, 2012, at 3:00 p.m.** |

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**